UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10CV-64-H

JR PARTNERS, LLC                                                                               PLAINTIFF

V.

GREEN TEA COMPANY, LLC, et al.                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, JR Partners, LLC, entered into fourteen separate consulting, licensing and distribution agreements with Green Tea Company, LLC, and various companies associated with it (the "Agreements")[1] concerning the franchising and operation of Green TeaHP kiosks in various shopping malls. After Green Tea Company and its principals (the "Defendants") allegedly failed to comply with their obligations under the Agreements, Plaintiff filed a lawsuit against them in Jefferson Circuit Court. Defendants immediately removed to federal court on the grounds of diversity. Two weeks later, Defendants moved to transfer the venue of this case to the District of Utah. Plaintiff has objected to transfer and the Court has discussed these objections during a conference.

As grounds for transfer, Defendants cite identical venue and interpretations provisions in each of the fourteen Agreements which require any lawsuit concerning matters covered by the Agreements to be brought in the state of Utah and the disputes to be construed in accordance with the laws of the United States and the state of Utah. Moreover, in each of these agreements,

---

[1] The parties entered into seven separate Consulting Agreements and seven corresponding Authorize Dealer License and Distribution Agreements.

Plaintiff consents to personal jurisdiction within the state of Utah. Defendants say that such forum selection clauses are reasonable and enforceable under these circumstances. They note that the Utah forum is more convenient for many parties and witnesses, and that this lawsuit satisfies the requirement that it could have been brought originally in the District of Utah. 28 U.S.C. § 1391 and § 1404(a).

Plaintiff argues that any analysis under § 1404(a) weighs against transfer. After reviewing all the relevant factors, the Court respectfully disagrees. A motion to transfer venue pursuant to § 1404(a) is the proper method to enforce a mandatory form selection clause. The forum selection clause is a significant factor that figures centrally in a district court's calculus when evaluating a discretionary transfer under § 1404(a). *Creditors Collection Bureau, Inc. v. Access Data, Inc.*, 820 F.Supp. 311, 313 (W.D. Ky. 1993). Forum selection clauses are "prima facie valid" and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. *Moses v. Business Card Express*, 929 F.2d 1131, 1136 (6th Cir. 1991). A plaintiff's acceptance of the forum selection clause will not be deemed unreasonable unless plaintiff is unsophisticated and inexperienced and there is a well-founded claim of fraud in the inducement of the forum selection clause itself. *Creditors Collection Bureau*, 820 F.Supp. at 313.

In these circumstances, Plaintiff has not presented convincing evidence that its principals are particularly unsophisticated businessmen. Nor is there any evidence whatsoever that they were fraudulently induced to agree to the forum selection clause in particular. Plaintiff's claims about the contract negotiations and the last minute wrangling do not seem all that out of the ordinary for the business world. The ultimate fate of the contract claims is not something which

this Court can resolve now.

Plaintiff also argues that the Agreements do not dictate transfer to Utah. Though this is true, it is not a bar to transfer. The Court always retains discretion to construe the parties' intentions as well as the interests of fairness and convenience to the parties. On the other hand, as a general rule, the courts will enforce valid forum selection clauses which cover the matters at issue and where enforcement is reasonable and just.

Certainly, it is true that it is more convenient for Plaintiff to litigate the case in Kentucky rather than Utah. However, the "convenience of the parties" analysis is not determined by the convenience of one party, but rather all of them. More Defendants and their principals are located in Utah than in Kentucky. At best, Plaintiff has shown that it is equally inconvenient for both parties wherever the case is litigated. Under these circumstances, the Court concludes that nothing about the convenience of the parties suggests overriding the legitimate forum selection clause.

Plaintiff also argues that three of the four counts of the complaint either are not governed by the Agreements or do not arise from them. This argument, however, is based upon an overly narrow reading of the complaint and the forum selection clauses. The Court has carefully reviewed the Agreements and finds them broadly worded. It designates Utah as the forum for any dispute that arises from or relates to the subject of the Agreements. All of the claims in the complaint are interconnected with the business relationships among the parties which are also the subject of the Agreements. The Court concludes that the forum selection language encompasses all of Plaintiff's claims for breach of contract, negligent misrepresentation, violation of the Federal Trade Commission Act and the Kentucky Business Opportunities Act.

Regardless of the particular causes of action set forth in the complaint, all of Plaintiff's claims for relief arise from the business relationships memorialized in the various agreements. Simply because several of the causes of action set forth claims under federal statutes and Kentucky statutes does not take the entire lawsuit out of the purview of the forum selection clause. Plaintiff has suggested no particular reason why the District of Utah cannot be a fair forum for the resolution of Plaintiff's claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to transfer is SUSTAINED and this case is transferred to the United States District Court for the District of Utah.

cc: Counsel of Record